IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY JAMES LANDIS | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 08-1938 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**Goldberg, J.**                                                                                                    **September 8, 2009**

Before the Court is Defendant, Commonwealth of Pennsylvania's (hereinafter "Defendant") Motion to Dismiss. For the reasons discussed below, the motion will be granted.

**I. Background**

Gary Landis (hereinafter "Plaintiff") filed his pro se Complaint against the Commonwealth of Pennsylvania on April 16, 2008. Plaintiff alleges various constitutional violations pursuant to the First, Fourth, Sixth, Eighth, and Fourteenth Amendments, which the Court will consider under 42 U.S.C. § 1983.

While the facts of Plaintiff's Complaint do not present a coherent story relating to any specific Constitutional violation, Plaintiff's claims generally relate to a disorderly conduct charge and conviction in Montgomery County, Pennsylvania in 2001, and a subsequent involuntary committal to a psychiatric facility for treatment in 2002.

On December 19, 2008, Defendant moved to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted based on the

Commonwealth's Eleventh Amendment immunity. Defendant also moved to dismiss the Complaint based on the statute of limitations. Plaintiff responded to Defendant's Motion on December 23, 2008.

## II. Standard of Review

When considering a motion to dismiss, the Court must assume the veracity of well-pleaded factual allegations, construe them in a light most favorable to the Plaintiff, and "then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (reaffirming Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The Court may only look to the facts alleged in the Complaint and its attachments when deciding a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Here, the Court will also liberally construe the Complaint because the Plaintiff is pro se. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. Analysis

Plaintiff presents a series of grievances. A liberal reading of the Complaint could reflect that Plaintiff is pleading a violation of his First, Fourth, Sixth, Eighth, and Fourteenth Amendments rights by complaining of a false prosecution and conviction, and involuntary commitment to a psychiatric facility.

In a § 1983 case, the state statute of limitations for personal injury torts is the applicable statute of limitations for federal claims. Owens v. Okure, 488 U.S. 235, 249-50 (1989); see also, Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989). In Pennsylvania, there is a two (2) year statute of limitations for person injury torts. 42 Pa.C.S. § 5524. Thus, here, the applicable statute of limitations is two (2) years.

The accrual date for the statute of limitations, however, is a matter of federal law. <u>Wallace v. Kato</u>, 549 U.S. 384, 387-88 (2007). The two (2) year statute of limitations begins to run at the time a person knows, or should know through due diligence, of the injury that is the basis for the § 1983 claim. <u>Genty v. Resolution Trust Corp.</u>, 937 F.2d 899, 919 (3d Cir. 1991); <u>Bohus v. Beloff</u>, 950 F.2d 919, 925 (3d Cir. 1991).

Here, while it is difficult for the Court to understand the factual basis for Plaintiff's § 1983 claims, Plaintiff does provide the Court with a distinct time line of events. All of the events in Plaintiff's Complaint clearly occurred in 2001 and 2002. Nothing in Plaintiff's Complaint or his response to Defendant's motion to dismiss suggests that he did not know or could not have known, through due diligence, of his injuries at the time of the alleged Constitutional violations. Therefore, the applicable statute of limitations, two (2) years, began to run in 2001/2002 and expired sometime in 2003/2004.[1] Plaintiff's Complaint, filed in April, 2008, was filed approximately four (4) years after the statute of limitations ran, and is thus, time barred.

## IV. Conclusion

Because Plaintiff's Complaint is dismissed for failure to satisfy the statute of limitations, we need not address the merits of Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6). Our Order follows.

---

[1] Given the four (4) year time gap, it is not necessary for the Court to discern the exact date on which the statute of limitations began to run.